UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

        -against-

MIGUEL FRANCISCO,

        Defendant.

------------------------------------X

18 Cr. 357 (RWS)

SENTENCING
OPINION

**Sweet, D.J.**

On July 23, 2018, Miguel Francisco ("Defendant" or "Francisco") pleaded guilty, without the benefit of a plea agreement, to one count of illegally reentering the country in violation of 8 U.S.C. § 1326(a) and (b)(2). Based on the conclusions set forth below, Francisco will be sentenced to 50 months' imprisonment, subject to the scheduled sentencing hearing on December 6, 2018.

**Prior Proceedings**

Francisco was named in a one-count indictment filed in the Southern District of New York on May 18, 2018. Count One charges that from at least January 31, 2017, in the Southern District of

1

New York and elsewhere, Francisco, being an alien, unlawfully entered and was found in the U.S., after having been removed from the U.S. subsequent sustaining a conviction for the commission of an aggravated felony, without having obtained the express consent of the U.S. Attorney General or his successor, the Secretary for the Department of Homeland Security, to re-apply for admission, in violation of 8 U.S.C. § 1326(a) and (b)(2).

On July 23, 2018, Francisco appeared before the Honorable James L. Cott and allocuted to his criminal conduct as charged, without the benefit of a plea agreement.

Francisco is scheduled to be sentenced on December 6, 2018.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and the Second Circuit's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

2

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. *See Crosby*,

3

397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to the Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

The investigation that led to Francisco's indictment was conducted by a Deportation Officer with the U.S. Department of Homeland Security's Immigration and Customs Enforcement ("ICE").

Francisco is a native and citizen of the Dominican Republic, and has never been a citizen of the U.S. On June 13, 2003, Francisco was convicted in the U.S. District Court for the Southern District of New York of a felony, namely, conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. This

4

federal conviction qualified as an "aggravated felony" within the meaning of 8 U.S.C. § 1326(a) and (b)(2).

On February 17, 2011, Francisco was removed from the U.S. based upon a Removal Order issued by a U.S. Immigration Judge on May 5, 2010. Following his removal to the Dominican Republic, Francisco never obtained the express consent of the U.S. Attorney General or the Secretary for the Department of Homeland Security to re-apply for admission to the U.S.

On January 31, 2017, during the course of an unrelated investigation, an interview was conducted of an individual at a certain location in the Bronx, NY, who identified himself as "Miguel Francisco." Upon request for a form of identification, the individual presented a New York State identification card bearing that name, which included a photograph that matched the appearance of the interviewee. Based upon a review of photographs maintained by ICE and other law enforcement databases known to be of Francisco, and a comparison of those photographs with the photograph contained on the New York State identification card, the case agent determined that the individual pictured on the card was the same Francisco.

## The Relevant Statutory Provisions

For the offense contained in Count One of the Indictment, to which Herbert pleaded guilty, the maximum term is twenty years. 8 U.S.C. § 1326(a) and (b)(2). The offense is a Class C felony. 18 U.S.C. § 3559. The maximum fine is $250,000. 18 U.S.C. § 3571(b). A special assessment of $100 is mandatory. 18 U.S.C. § 3013. The Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2). The Defendant is eligible for not less than one nor more than five years' probation because the offense is a Class C felony. 18 U.S.C. § 3561(c)(1). Restitution is not applicable in this case. *Id.* § 3663.

## The Guidelines

The 2016 edition of the *United States Sentencing Commission Guidelines Manual*, incorporating all Guideline amendments, has been used in this case for calculation purposes. U.S.S.G. §1B1.11.

The Guideline for 8 U.S.C. § 1326(a) and (b)(2) is found in §2L1.2. Pursuant to that Section, the base offense level is eight. *Id.* §2L1.2(a). Because the Defendant was ordered removed

6

from the U.S. after sustaining a conviction for a felony offense (other than an illegal re-entry offense) for which the sentence imposed was five years or more, a ten-level enhancement is applicable. *Id.* §2L1.2(b)(2)(A). A six-level increase is likewise warranted because, after the Defendant was ordered removed from the U.S. for the first time, he engaged in criminal conduct resulting in a conviction for a felony offense (other than an illegal re-entry offense) for which the sentence imposed exceeded one year and one month. *Id.* §2L1.2(b)(3)(C). The Defendant has clearly demonstrated acceptance of responsibility for the offense, and a two-level sentence reduction pursuant to §3E1.1(a) therefore applies. Also, because the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty, the offense level is decreased by one additional level. *Id.* §3E1.1(b). Accordingly, the total offense level is 21.

Based on Francisco's criminal record as detailed in the PSR, his total criminal history score is six. *Id.* §4A1.1(d). This criminal history score establishes a Criminal History Category of III. *Id.* Ch. 5, Pt. A.

Based on the total offense level of 21 and a Criminal History Category of III, the Guideline imprisonment range is 46 to 57 months. *Id.* As the offense is a Class C felony, the Guideline range for a term of supervised release is one to three years. *Id.* §5D1.2(c). Since the applicable Guideline range is in Zone D of the Sentencing Table, Francisco is ineligible for probation. *Id.* § 5B1.1.

The fine range for this offense is from $15,000 to $150,000. *Id.* §5E1.2(c)(3).

Costs of prosecution shall be imposed on Defendant as required by statute. *Id.* §5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. *Id.* §5E1.2(d)(7) and 18 U.S.C. §3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the U.S. Courts, dated August 1, 2018, provides a daily cost of $99, a monthly cost of $3,025, and an annual cost of $36,300 for imprisonment.

### The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in *Booker*, 543 U.S. 220, and the Second Circuit's decision in *Crosby*, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," *Kimbrough v. United States*, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed the PSR, the Court will impose a sentence within the Guidelines range.

### The Sentence

For the instant offense, Miguel Francisco shall be sentenced to 50 months' imprisonment. The term of imprisonment shall not be followed by any term of supervised release.

It is further ordered that the Defendant shall pay to the United States a special assessment of $100, which shall be due immediately. Because the Defendant does not have the ability to pay a fine, the fine has been waived in this case.

The Defendant has been detained without bail since his arrest, and is not a candidate for voluntary surrender because of the provisions found in 18 U.S.C. § 3143(a)(2).

It is so ordered.

**New York, NY**
**December 3, 2018**

_____
ROBERT W. SWEET
U.S.D.J.